Samuel Simmonds by his Will gives his his [sic] Wife all his Real and Personal Estate during her Widowhood And if she marries then he gives one Half of his Estate to Dan’l. Dunn’s Children and the other half to Matthew Noblin’s Children And makes his Wife Executrix who lived several years and never married and is now dead The Question is,
Whether Simmond’s Estate shall go to Dunn’s and Noblin’s Children by Force of the Devise or as next of Kin or to the Wife’s Executor
They cannot take by the Devise being limited to them upon a Contingency that never happened viz. the Wife’s marriage. The Question then is Whether after the Wife’s Death the Estate shall be distributed among the next of Kin Or Whether the Wife *B82 gained an absolute Property by the Devise to her and being made Executrix.
And I conceive as the Case is the Wife gained an absolute Property by the Devise or if not yet she shall take as Ex’x to her own use and not [77] as a Trustee for the next of Kin
I shall agree that if the Wife had married the Limitation over to the Pits, upon that Contingency had been good and they had been well intitled but that not happening It is quite out of the Question any further than that it may serve to shew the Testator’s Intention I shall therefore consider this meerly as a Devise of Chattels during widowhood without any Rem’r over for I take it there is no Difference between a Rem’r upon a Contingency that never happened and no Rem’r at all
Under this View I conceive the absolute Property vested by the Devise during Widowhood The Gift of a Chattle for an Hour is a Gift forever There is no Instance where a Devise for Life has been adjudged to pass only the Use unless there was a Rem’r. over. 'But if we have not the absolute Property by the Devise We certainly have as Ex’x And the next of Kin I conceive can never be intitled as the Case is The making of Man Ex’or is a Gift of Personal Estate in Law But it must be owned that since the Restoration and making the Statute of Distributions there are several Instances where aManhas disposed of Part of his Estate and takennoNoticeof the Residuum that in Equity the Executor has been taken as a Trustee for the next of Kin and that the Executor should not have it. But there are many Cases too where it has been adjudged for the Ex’or against the next of Kin especially where the Wife is made Executrix So that there is no General Rule. It depends altogether upon the Circumstances of the Case and the Intention of the Testator.
1 Inst Foster & Munt by Jefferies 1 Vern.
But this Case does not seem to be within the Reason or Rule of any of the Cases in the Books on this subject. They are all where some part of the Estate is disposed of and other Part left entirely undisposed Whereas here the Disposition to the Wife is of the Whole Estate and there is properly no Residuum undisposed of There is no Instance in the Books of a Question of this Kind But admitting there is no Difference as to this Point We are then to consider whether it can be supposed to be the *B83 Testator’s Intention that the Ex.trix should not have the Residue
It will be said that the giving a particular Legacy makes a strong and violent Presumption and Implication that the Testator intended no more and it is true that in many Cases it has been so adjudged But I deny it to be a universal Rule And that in many Cases especially where the Wife has been Ex’x it has been determined that the Wife should have the Surplus notwithstanding she had a particular Legacy as Ball and Smith 2 Vern. 675. Smith devised to his wife some plate and goods she had as Ex’x of a former Husband The Surplus decreed to her principally because it could not be presumed the Testator intended only an Office of trouble to the Wife but rather of Benefit to take the Surplus Batchelor and Searl Gibb. Rep. 12^. where two Strangers were Executors and had a Legacy for mourning and one of them a Horse and Furniture Yet Surplus decreed for them And there sayed that in No Case unless the Implication was Violent and such as could not be resisted the Ex’ors ought to be shut out of the Surplus which belonged to them as representing the Testator And for many ages they were intitled to it by Law Lady Glanvel and the D — -ss of Beaufort 2 Vern. 648. Devise to the D — ss of the Use of the Table [78]^Plate and made her Ex’x Surplus decreed'to be distributed but reversed in the House of Lords because she had only a Special Property Mo. Cha. Ca. 10. This our Case exactly Griffith and Rogers Ch. Ca. Abr. 245. 8. Wife had some books devised. This did not exclude her from surplus. Jones and Westcomb Ibid. 10. Devise to Wife of a Term for her Life and after her Death to the Child she was then enseint with Adjudged this Devise did not exclude her from the Surplus.
No Instance where Surplus taken from a Wife Ex’x except Darwell and Bennet cited in Ball and Smith and there two Strangers were Ex’ors with the Wife and Ward and Lane cited ibid, where a Man lived 20 years after making his Will and acquired a great Estate which went upon another Reason viz. a presumed alteration of Mind with that of Circumstance.
From these Cases it appears there is a great Difference. Where the Wife and where a Stranger are made Ex’ors There is no Instance but in the two last cited where the Surplus has been taken from the Wife And they are very particular
The Reason of the Difference I take to be grounded upon this *B84 Distinction, that where Strangers are made Ex’ors There is Room to presume he intended no more than What is particularly devised as not being supposed to have that affection for a Stranger as his Relations, But where the Wife is Ex’x he is presumed to have a larger Share of Affection for her than any Relation and so no Reason to take the Surplus from her.
The great Reason why when a particular Legacy is given to the Ex’or the Surplus shall be distributed is from an implied ■Intent in the Testator not to give more than he has mentioned Upon this Ground I conceive there is in this Case as strong an Implication to oust the next of Kin For he devises to them only in Case his Wife marries Which may as well exclude them from taking in any other manner as the Executor because of a particular Legacy The Implication I say is as strong that the Testator did not intend them any Part of his Estate but upon that Contingency which never happening they are utterly excluded If he had intended they should take after his Wife’s Death it was an easy matter to express it.
So that here is Implication against Implication and the legal Title being in the Ex’or the Determination ought to be in his favour It being a Rule that Law and Equity shall prevail against Equity alone.
It is allowed that the Intention of the Testator is to govern in these Cases and the Intention is to be collected from the Words of the Will I must submit Whether the Intention be not very plain that the Pits, should not take [79] unless his wife married and I conceive that his giving to his Wife during Widowhood and limiting over in Case of Marriage And then making her Ex’x is the same as if he had sayed In case she does not marry she shall have all For the making of a Person Executor in Judgment of Law is a Gift of the whole Personal Estate There could be no use in making her Executrix but to that end There being no Legacies and all given to her Some men we know are very solicitous about their wive's marrying a second Time and lay them under Restraints And it will be no unreasonable construction of this Will to suppose that was this Testator’s Intent It is very consistent with the Words of the Will that by making her Ex’x he did intend she should have all in Case she did not marry Here was no Child so Wife was intitled to half By acceptance of Will she is in a Worse Case.
On the other side it was argued that this Devise to the Wife *B85 during Widowhood gave only an Estate for Life and so only the Use passed That the Testator’s Intention was that the children should take upon the Wife’s Death or Marriage.
But the Court were of Opinion that the Wife’s Ex’or was well intitled principally as I took it upon the Intention of the Testator which they took to be that if the Wife did not marry she should have the whole Estate For the Pits. viz. Dunn’s Children, Randolph Grymes, Carter and Lightfoot For the Deft, the Wife’s Executor Lee, Tayloe, Robinson, Digges, Byrd and the Governor.
B. There were Slaves as well as personal Estate but no Difference was made.